IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
_____

| | |
|---|---|
| SCOTT ROBERT SHELTON, | ) **MEMORANDUM DECISION & ORDER** |
| | ) **DENYING HABEAS CORPUS PETITION** |
| Petitioner, | ) |
| | ) Case No. 2:10-CV-190 TC |
| v. | ) |
| | ) District Judge Tena Campbell |
| STEVEN TURLEY et al., | ) |
| | ) |
| Respondents. | ) |

_____

Petitioner, Scott Robert Shelton, an inmate at Utah State Prison, petitions for habeas corpus relief.[1]  For the reasons set forth below, the Court denies his petition.

BACKGROUND

Petitioner pleaded guilty in Utah state court to three counts of second-degree-felony forcible sexual abuse, for which he was sentenced to one term each of one-to-fifteen years, to be served concurrently.  He did not file a direct appeal.  However, he did file for state-post-conviction relief, a challenge that was rejected in a Utah Court of Appeals memorandum decision.[2] The Utah Supreme Court then summarily denied Petitioner's petition for writ of certiorari.[3]

Petitioner's petition here is both timely and exhausted.  He argues that his constitutional rights were violated because his defense counsel did not tell him until the day of sentencing that

---

[1]*See* 28 U.S.C.S. § 2254 (2012).

[2]*Shelton v. Utah*, 2009 UT App 220 (per curiam).

[3]*Shelton v. Utah*, 225 P.3d 880 (Utah 2010) (table).

a victim had recanted her accusation of rape. He argues this both as a violation in its own right (perhaps as an involuntary plea) and as a violation through an ineffective-assistance-of-counsel claim. The State responded to the petition, rightly contending that these issues do not overcome the federal habeas standard of review that controls the Court's analysis.

## ANALYSIS

### II.  Standard of Review

The standard of review to be applied in federal habeas cases is found in § 2254 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), under which this habeas petition is filed. It states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[4]

"Subsection (d)(1) governs claims of legal error while subsection (d)(2) governs claims of factual error."[5]

---

[4] 28 U.S.C.S. § 2254(d) (2012).

[5] *House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008).

The Court's inquiry centers on whether the court of appeals's rejection of Petitioner's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law."[6]  This "'highly deferential standard'"[7] is "'difficult to meet,' because the purpose of AEDPA is to ensure that federal habeas relief functions as a '"guard against extreme malfunctions in the state criminal justice systems,"' and not as a means of error correction."[8]  The Court is not to determine whether the court of appeals's decision was correct or whether this Court may have reached a different outcome.[9]  "The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited."[10]  And, "[t]he petitioner carries the burden of proof."[11]

Under *Carey v. Musladin*,[12] the first step is determining whether clearly established federal law exists relevant to Petitioner's claims.[13]  Only after answering yes to that

---

[6] 28 U.S.C.S. § 2254(d)(1) (2012).

[7] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citations omitted).

[8] *Greene v. Fisher*, 132 S. Ct. 38, 43-44 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment))).

[9] *See Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

[10] *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).

[11] *Cullen*, 131 S. Ct. at 1398.

[12] 549 U.S. 70 (2006).

[13] *House*, 527 F.3d at 1017-18.

"threshold question" may the Court go on to "ask whether the state court decision is either contrary to or an unreasonable application of such law."[14]

> [C]learly established [federal] law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.[15]

In deciding whether relevant clearly established federal law exists, this Court is not restricted by the state court's analysis.[16]

If this threshold is overcome, this Court may grant habeas relief only when the state court has "unreasonably applied the governing legal principle to the facts of the petitioner's case."[17] This deferential standard does not let a federal habeas court issue a writ merely because it determines on its own that the state-court decision erroneously applied clearly established

---

[14] *Id.* at 1018.

[15] *Id.* at 1016.

[16] *See Bell v. Cone*, 543 U.S. 447, 455 (2005) ("[F]ederal courts are not free to presume that a state court did not comply with constitutional dictates on the basis of nothing more than a lack of citation."); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) ("[A] state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'") (citation omitted).

[17] *Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

federal law.[18]  "'Rather that application must also be unreasonable.'"[19]  Indeed, "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'"[20]

    This highly demanding standard was meant to pose a sizable obstacle to the habeas petitioner.[21]  Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings."[22]  It maintains power to issue the writ when no possibility exists that "fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents.  It goes no farther."[23]  To prevail in federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

---

[18] *See id.*

[19] *Id.* (quoting *Williams*, 529 U.S. at 411).

[20] *Harrington*, 131 S. Ct. at 785 (emphasis in original) (quoting *Williams*, 529 U.S. at 410).

[21] *Id.* at 786.

[22] *Id.*

[23] *Id.*

<mark>5</mark>


disagreement."[24] It is against this backdrop that this Court now applies the standard of review to the circumstances of this case.

## II. Application of Standard of Review

Petitioner urges this Court to overturn the Utah Court of Appeals' decision that his federal constitutional rights were not violated when Petitioner's counsel failed to tell him about the recantation of the rape accusation until the day of sentencing. Petitioner argues that, had he known of the recantation, he would not have agreed to the plea bargain, in which several charges, including rape, were dropped in exchange for Petitioner pleading guilty to three counts of forcible sexual abuse.

Noting again that review is tightly circumscribed by the standard of review for federal habeas claims by state prisoners, this Court observes that the court of appeals did not cite to any governing case law with which to analyze Petitioner's challenges. The court's analysis follows:

> Shelton asserts that he is entitled to post-conviction relief because after he entered a plea agreement with the State, he was not informed until the day of sentencing that one of his two victims had allegedly recanted her accusations of rape. [FN 1 Shelton does not contend that the victim withdrew her allegations of forcible sexual abuse.] He contends that had he known that the victim had recanted her allegation of rape, he would not have pleaded guilty to the three counts of forcible sexual abuse. The district court correctly concluded that Shelton failed to state a claim for relief. Shelton did not

---

[24]*Id.* at 786-87.

plead guilty to rape.  Shelton pleaded guilty to three counts of forcible sexual abuse, only one of which involved the victim that had allegedly recanted her claim of rape.  In regard to this victim, Shelton admitted to facts forming the basis of the forcible sexual abuse claim, including touching the breasts of the victim with requisite intent under the statute.  *See* Utah Code Ann. § 76-5-404(1) (2008) (setting forth elements of forcible sexual abuse).  Thus, because the alleged recantation was unrelated to the charges for which Shelton pleaded guilty, the district court did not err in determining that Shelton was not entitled to post-conviction relief.

Shelton also asserted in his petition for post-conviction relief that he was not informed that he could withdraw his plea at any time prior to sentencing.  More particularly, Shelton claimed that he did not know he could have filed a motion to withdraw his plea after allegedly learning that one of the victims had recanted her allegation of rape.  The district court expressly determined that in Shelton's Statement in Support of his Guilty Plea, Shelton acknowledged, "I understand that if I want to withdraw my guilty plea, I must file a written motion to withdraw my plea(s) before sentence is announced."  Thus, Shelton was fully aware that he had the ability to file a motion to withdraw his plea.[25]

Under *Carey*, this Court must first determine whether there is applicable on-point Supreme Court precedent.[26]  This is regardless of the court of appeals's failure to cite or refer to

---

[25] *Shelton*, 2009 UT App 220.

[26] *House*, 527 F.3d at 1017-18.

any case law at all, let alone Supreme Court cases.[27]  The Court's independent review of Supreme Court precedent reveals no applicable law:  There are no cases in which the Supreme Court has decided that a victim's alleged recantation on a dropped charge (in this case, rape) gives a basis for a criminal defendant to validly challenge his conviction on another charge to which he has admitted facts that fit the elements of the crime of conviction (in this case, forcible sexual abuse), especially given an unchallenged (or inadequately challenged) finding of fact that the defendant understood his right to withdraw his guilty plea.

Petitioner completely ignores the federal statutory habeas standard of review.  He merely insists, without analysis, that his constitutional rights were violated.  However, based on its careful reading of the court of appeals's decision in this case, together with its review of United States Supreme Court cases, this Court can find no hint that the court of appeals did not apply relevant Supreme Court precedent.  And that is the end of this Court's inquiry.

## CONCLUSION

Petitioner's challenges to the circumstances of his guilty plea raise no valid ground for federal habeas relief.

---

[27] *See Bell*, 543 U.S. at 455; *Mitchell*, 540 U.S. at 16.

IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.

DATED this 23rd day of July, 2012.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge